<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IFEOMA EZEKWO,

                Plaintiff,

v.

CALIBER HOME LOANS, INC.,

                Defendant.

Civil Action No. 20-16187 (SDW) (LDW)

**OPINION**

June 11, 2021

**WIGENTON**, District Judge.

Before this Court is Defendant Caliber Home Loans, Inc.'s ("Defendant") Motion to Dismiss *pro se* Plaintiff Ifeoma Ezekwo's ("Plaintiff") Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

## I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff filed this suit on November 13, 2020, asserting various claims sounding in discrimination, violations of civil rights, and improper mortgage servicing practices. (D.E. 1.)[1] The Complaint essentially seeks to overturn a final foreclosure default judgment ("Final Judgment") entered by the Superior Court of New Jersey, Chancery Division, Bergen County on

---

[1] Construing *pro se* Plaintiff's Complaint liberally, this Court treats the seven "violations" listed on the face of the Complaint as causes of action ("Counts"). (Compl. at 1 (capitalization omitted).) These Counts are for: "Title IX of the Civil Rights [Act Violations]" (Count One); "4th, 5th and 14th Amendments and Civil Rights Violations" (Count Two); "Abuse of Process" (Count Three); "Falsification of Loan Modification Process Documentation" (Count Four); "Discriminatory Sheriff Selling of Home Property During Modification Without Proper Notice" (Count Five); "Due Process Violation" (Count Six); and "Racial and Gender and National Origin and Family Discrimination and Bias and Extortion" (Count Seven). (*Id.* (capitalization omitted).)

February 20, 2018, and the resulting Sheriff's sale of Plaintiff's property on August 23, 2019 ("Sheriff's Sale").  (*See* Compl. ¶ 16.)[2]  The following events preceded the instant suit.

On November 26, 2002, Plaintiff and her husband, Samuel Ezekwo[3] (collectively, "Borrowers"), executed a note ("Note") in the amount of $251,300.00 in favor of Wachovia Mortgage Corporation ("Wachovia").  (D.E. 6-2 (Certification of Stephen R. Catanzaro, Esq. ("Catanzaro Cert.")) at Ex. A.)[4]  To secure the Note, Borrowers executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Wachovia, on a property located in Englewood, New Jersey (the "Property").  (*Id*.)  The Mortgage and Note are referred to collectively as the "Loan."

On November 30, 2010, MERS assigned the Mortgage to Chase Home Finance LLC ("Chase").  (*Id.* at Ex. B.)  On December 12, 2014, JPMorgan Chase Bank, N.A., as successor to Chase, assigned the Mortgage to Federal National Mortgage Association ("Fannie Mae").  (*Id.* at Ex. C.)  On December 10, 2016, Fannie Mae assigned the Mortgage to U.S. Bank Trust, N.A. ("U.S. Bank Trust") (the "U.S. Bank Trust Assignment").  (*Id.* at Ex. D.)  Defendant began servicing the Loan on behalf of U.S. Bank Trust on October 1, 2016.  (D.E. 6-16 (Certification of Jamar Harris ("Harris Cert.")) at Ex. A.)

While it was still assignee to the Loan, Chase filed a foreclosure action in the Superior Court of New Jersey, Chancery Division, Bergen County, on December 2, 2010, under Docket No.

---

[2] A writ of possession has not yet issued in the foreclosure action because N.J. Executive Order No. 106 (2020) placed a moratorium on residential eviction proceedings.  (*See* D.E. 6-1 at 8 n.3.)

[3] Samuel Ezekwo is not a party to this action.

[4] Defendant attaches records from the underlying state court proceedings.  Such documents are subject to judicial notice.  *See Fraize v. Gov't Nat'l Mortg. Ass'n*, Civ. No. 14-7152, 2016 WL 958392, at *3 (D.N.J. Mar. 14, 2016) (citations omitted).  "Even setting aside judicial notice, certain records of the foreclosure action may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment."  *Id.* (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

F-058209-10 (the "Foreclosure Action").  (*See* Catanzaro Cert. at Ex. E.)[5]  Chase filed the suit as a result of Borrowers' failure to pay the Loan beginning on March 1, 2008.  (*See id.* at Ex. E at 8.) Following the U.S. Bank Trust Assignment, the state court granted U.S. Bank Trust's motion to substitute as plaintiff on March 9, 2017.  (*Id.* at Ex. G.)  The state court entered default against Borrowers on April 21, 2017.  (*Id.* at Ex. H.)  Accordingly, the Hon. Paul Innes, P.J.Ch., entered the Final Judgment in favor of U.S. Bank Trust and against Borrowers on February 20, 2018, along with a writ of execution.  (*Id.* at Ex. I.)  Borrowers never challenged the Final Judgment, and the Property was sold at the Sheriff's Sale on August 23, 2019.  (*See* Harris Cert. at Ex. B.)[6]

On July 26, 2020, Plaintiff (represented by counsel) filed an order to show cause with temporary restraints in the Foreclosure Action, seeking to set aside the Sheriff's Sale and prevent the sale of the Property.  (Catanzaro Cert. at Ex. K ("Sheriff's Sale Motion").)  In the Sheriff's Sale Motion, Plaintiff asserted various arguments arising from U.S. Bank Trust's (and Defendant's) alleged failure to abide by a trial period plan loan modification (the "TPP").  (*See id.* at Ex. K at 1–9.)  Following oral argument, on August 28, 2020, the state court denied the Sheriff's Sale Motion.  (*Id.* at Ex. L ("Denial Order").)  Plaintiff appealed the Denial Order to the Superior Court of New Jersey, Appellate Division, on September 2, 2020.  (*Id.* at Ex. M.)[7]

Plaintiff filed the instant suit on November 13, 2020, asking this Court to require Defendant to accept her modification or offer her a new one and void the sale of the Property.  (Compl. ¶¶ 16–17.)  On February 9, 2021, Defendant filed the instant motion to dismiss for lack of subject

---

[5] Fannie Mae filed an amended complaint in the Foreclosure Action on April 29, 2016, updating the chain of title. (*See* Catanzaro Cert. at Ex. F.)

[6] Plaintiff filed for bankruptcy on October 4, 2019, resulting in an automatic stay of the Foreclosure Action.  *See* Chapter 13 Voluntary Petition, *In re Ezekwo*, Ch. 13 Case No. 19-28911 (Bankr. D.N.J.), ECF No. 1.  On April 1, 2020, the bankruptcy court granted U.S. Bank Trust's motion to lift the stay of the Foreclosure Action.  *Id.* at ECF No. 73; (*see* Catanzaro Cert. at Ex. J.)

[7] Plaintiff's appeal was still pending in state court when Defendant filed the instant motion.  (*See* D.E. 6-1 at 7.)

matter jurisdiction under the *Rooker-Feldman* doctrine and for failure to state a claim.  (D.E. 6 at 9–29.)  Plaintiff filed belated opposition on March 15, 2021.  (D.E. 12.)[8]  On March 23, 2021, this Court deemed Plaintiff's late opposition brief as timely filed but denied Plaintiff's request to file an additional brief.  (D.E. 15.)[9, 10]  Defendant timely filed its reply on March 26, 2021.  (D.E. 16.)

## II.   LEGAL STANDARDS

Subject matter jurisdiction establishes a court's "very power to hear the case."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'"  *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17-1712, 2018 WL

---

[8] Plaintiff also requested this Court's recusal on March 12, 2021, in a document titled "Motion for Peremptory Challenge."  (D.E. 11.)  The request is based on allegations of "corruption" and "intense hostility," among other serious accusations.  (*Id.* at 3.)  Under 28 U.S.C. § 455(a), judicial recusal is required "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of her interest or bias in a case.  *See Lilieberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).  However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Jayasundera v. Macy's Inc.*, 731 F. App'x 133, 136 (3d Cir. 2018) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Here, Plaintiff's request has no rational basis other than displeasure with this Court's rulings in past proceedings, rulings which do not display favoritism that would preclude fair judgment in the instant matter.  (*See* D.E. 11 at 2 (citing Civ. Nos. 20-480 and 15-3167)); *see also Ezekwo v. Quirk*, 784 F. App'x 79, 82 (3d Cir. 2019) ("We are of the opinion that the District Court admirably fulfilled its duties . . . [and] take no issue with its response to the Ezekwos' Rule 72 objections.").  Plaintiff's request for recusal will therefore be **DENIED**.

[9] In view of its order on March 23, 2021, this Court will disregard the additional opposition brief that Plaintiff filed on April 19, 2021.  (D.E. 15, 19.)  However, this Court has reviewed Plaintiff's additional brief, in view of her *pro se* status, and notes that Plaintiff's arguments cannot overcome this Court's decision to dismiss the case under the *Rooker-Feldman*, claim preclusion, and entire controversy doctrines for the reasons set forth below.

[10] In the same order, this Court struck Plaintiff's amended complaint, (D.E. 8), for failure to comply with Rule 15. (D.E. 15.)

706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted).  In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).  When a defendant challenges the court's exercise of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

On a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).  While *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . [and] they cannot flout procedural rules—they must abide by the same rules that apply to other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   <u>DISCUSSION</u>

### A.   *Rooker-Feldman* **Doctrine**

"The *Rooker-Feldman* doctrine precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments' because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)).  The doctrine applies when a federal court would need to

determine that "the state court judgment was erroneously entered or must take action that would render that judgment ineffectual," and bars a federal claim when: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* (quotations omitted).

There are four factors that must be present for *Rooker-Feldman* to deprive a court of jurisdiction: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (brackets omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

All four factors are met here.  First, Plaintiff lost in state court when the Superior Court of New Jersey entered Final Judgment in the Foreclosure Action and approved the Sheriff's Sale. (*See* Catanzaro Cert. at Ex. I.)  Second, Plaintiff was unsuccessful in setting aside the Final Judgment because she did not timely oppose it, was unsuccessful in setting aside the Sheriff's Sale despite filing the Sheriff's Sale Motion, and now complains of the resulting injuries, namely, the impending loss of her home.  (*See id.* at Exs. H, I, K, and L; Compl. ¶¶ 16–17.)  Third, the Final Judgment (dated February 20, 2018) and the Denial Order (dated August 28, 2020) were entered well before Plaintiff brought suit in this Court on November 13, 2020.  (*See* Catanzaro Cert. at Exs. I and L; D.E. 1.)

Fourth, Plaintiff now invites this Court to effectively review and reverse the state court's Final Judgment and Denial Order.  "Under New Jersey law, [a] state foreclosure judgment necessarily decide[s] . . . the following essential elements: the validity of the note and mortgage;

6

the alleged default; and [the] [d]efendants' right to foreclose (which would include its standing by assignment or otherwise)." *Sheldrick v. Wells Fargo Bank, N.A.*, Civ. No. 16-2797, 2016 WL 7325473, at \*6 (D.N.J. Dec. 16, 2016) (holding that *pro se* plaintiff's claims against defendant mortgage servicing company for fraud and unfair and deceptive practices were "inextricably intertwined" with the foreclosure action, even if the claims were not actually litigated).   While Plaintiff has couched her claims in the language of federal claims, she is plainly seeking to have this Court overturn a state court's foreclosure judgment.   However, this Court is not a state appellate court; the proper forum for her grievance is the Superior Court of New Jersey, Appellate Division, where her appeal is pending.   This Court must therefore dismiss the Complaint.

### B.   Claim Preclusion and Entire Controversy Doctrine

To the extent that the Complaint contains any "[c]laims that survive scrutiny under *Rooker-Feldman*," they are "nevertheless [] barred by doctrines of *res judicata*." *Fraize v. Gov't Nat'l Mortg. Ass'n*, Civ. No 14-7152, 2016 WL 958392, at \*6 (D.N.J. Mar. 14, 2016).[11]   Claim preclusion, or *res judicata*,[12] bars a party from asserting claims that were brought, or could have been brought, in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citation omitted).   Under applicable New Jersey law,[13] for claim preclusion to apply: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be

---

[11] The district court in *Fraize* also dismissed with prejudice a federal complaint arising from a *pro se* plaintiff's state court mortgage foreclosure action. *See* 2016 WL 958392, at \*1.   The court applied *Rooker-Feldman* to dismiss the plaintiff's claims that relied on a premise "that the foreclosure judgment was invalid." *Id.* at \*5.   To the extent that any claims were "based on independent wrongs that occurred in the course of obtaining or administering the loan," the court exercised jurisdiction and dismissed them under *res judicata. Id.* at \*5–9.

[12] The wider and "preferred usage" of the term *res judicata* "encompasses both claim and issue preclusion." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 174 (3d Cir. 2009) (quotation omitted).   "[R]es judicata, when used narrowly, refers to claim preclusion," while "[c]ollateral estoppel customarily refers to issue preclusion." *Id.*

[13] Because a New Jersey court adjudicated the original action, this Court looks to New Jersey law "[t]o determine the preclusive effect" of the foreclosure judgment. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999) (citations omitted).

identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991) (citations omitted); *see In re Mullarkey*, 536 F.3d at 225.

New Jersey also has a "specific, and idiosyncratic, application of traditional [claim preclusion] principles," known as the entire controversy doctrine. *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (citations omitted). The entire controversy doctrine "is wider in scope than" claim preclusion and shares the same three requirements. *See Martinez v. Bank of Am., N.A.*, 664 F. App'x 250, 253 (3d Cir. 2016). The doctrine "requires a party to bring in one action all affirmative claims that it might have against another party, including counterclaims and cross-claims, . . . or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods.*, 109 F.3d at 885 (quotation and brackets omitted); *see Ricketti v. Barry*, 775 F.3d 611, 613–14 (3d Cir. 2015) (discussing the history of the entire controversy doctrine); N.J. Ct. R. 4:30A, 4:5–1(b).

All three factors of claim preclusion, and therefore the entire controversy doctrine, are satisfied here. First, the state court's judgment was final and valid for purposes of claim preclusion. *See In re Hawkins*, 231 B.R. 222, 229–30 (D.N.J. 1999) ("It is black letter law in [New Jersey] that a default judgment is a final judgment which bars all further litigation. . . . . New Jersey courts have consistently applied the doctrine of *res judicata* to default judgments." (citing cases)). Second, Plaintiff was a party to the prior action and Defendant is in privity with U.S. Bank Trust, another party to the prior action, as the servicer of U.S. Bank Trust's loan to Plaintiff.

Third, Plaintiff's claims in this action arise from the same transactions and occurrences that were at issue in the Foreclosure Action. "Claims are considered to be germane to a foreclosure

action if they arise out of the mortgage that is the basis of the foreclosure action." *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 472 (3d Cir. 2011) (barring claims under the entire controversy doctrine); *see Fraize*, 2016 WL 958392, at *1, *7–9 (barring claims for "wrongful foreclosure" and fraud under claim preclusion and the entire controversy doctrine).  The crux of the Complaint is that Defendant acted improperly in connection with the Loan by failing to honor the TPP.  (*See* Compl. ¶¶ 15–55.)  Plaintiff failed to raise these claims and arguments when the Final Judgment was entered, and finally did so in her Sheriff's Sale Motion in July 2020.  (*See* Catanzaro Cert. at Ex. K.)  The state court rejected these arguments when it denied the Sheriff's Sale Motion.  (*See id.* at Ex. L.)  Because the claims in this action arise out of the same transactions and occurrences that were at issue in the Foreclosure Action, and because the claims were litigated or could have been litigated in the Foreclosure Action, the Complaint must be dismissed.[14]

## IV.   **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.[15, 16]  An appropriate order follows.


_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
           Parties

---

[14] Defendant argues that Plaintiff's claims are additionally barred by collateral estoppel, (*see* D.E. 6-1 at 18–21), but that doctrine does not apply to default judgments because it requires, *inter alia*, that the precluded issue be "actually litigated" in the previous proceeding.  *See In re Hawkins*, 231 B.R. at 231 (concluding that "collateral estoppel does not apply to default judgments because such judgments are not 'actually litigated'" (citing cases)).

[15] Because this Court dismisses the Complaint under Rule 12(b)(1) and the preclusion doctrines, it does not reach the remainder of Defendant's meritorious Rule 12(b)(6) arguments.

[16] The Complaint is dismissed with prejudice because Plaintiff's claims relating to the Foreclosure Action cannot be litigated in this Court, and an amended complaint would therefore be futile.  *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citation omitted).